UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN HICKS,

    Petitioner,

v.

    Case Number 15-14334
    Honorable David M. Lawson

CARMEN PALMER,

    Respondent.

_____/

**ORDER GRANTING IN PART MOTION TO EXTEND TIME AND
FOR LEAVE TO AMEND AND EXTENDING BRIEFING SCHEDULE**

On December 14, 2015, petitioner Jonathan Hicks, presently confined at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Hicks challenges his state convictions for two counts of second-degree murder, one count of being a felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony (felony firearm). The trial court sentenced the petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of 40 to 60 years in prison for the two murder convictions, and four to eight years in prison for the felon-in-possession conviction.

On direct appeal, the petitioner raised ten claims in the Michigan Court of Appeals and an additional claim in the Michigan Supreme Court. The Court of Appeals affirmed the petitioner's convictions, *see People v. Hicks*, No. 297058, 2012 WL 6604648 (Mich. Ct. App. Dec. 18, 2012), and on June 25, 2013 the Michigan Supreme Court denied leave to appeal, *see People v. Hicks*, 494 Mich. 870, 832 N.W.2d 206 (2013).

On June 13, 2014, the petitioner filed a motion for relief from judgment in which he raised

several more claims. The state trial court denied the petitioner's motion, *see* Op. & Order (Ingham Cty. Cir. Ct. March 31, 2015), and the Michigan Court of Appeals denied leave to appeal the trial court's decision, *see People v. Hicks*, No. 328059 (Mich. Ct. App. Aug. 26, 2015).

On December 14, 2015, the petitioner filed the present petition, which raised anew all of the nineteen issues that he presented to the state courts. He indicated in his original petition that his application for leave to appeal then was pending in the Michigan Supreme Court, and he sought a stay of the proceedings in this case pending a decision by that court and the resolution of a contemplated petition for a writ of certiorari in the United States Supreme Court. He also sought leave to amend his petition after exhausting his state court remedies. *See* Pet. at 6-7.

On January 14, 2016, the assigned magistrate judge ordered the State to file a response to the habeas petition by July 11, 2016. However, on March 8, 2016 the petitioner filed a motion for an extension of time to file an amended petition. The petitioner asserted in his motion that the Michigan Supreme Court denied leave to appeal on December 22, 2015, but that his motion for reconsideration still was pending in the state supreme court. He sought an additional six months to research the application of federal law to the issues raised in his petition, to "weed out" some of the nineteen grounds for relief that he had asserted, and to file an amended petition and supporting brief. *See* Mot. to Extend Time and For Leave to File Am. Pet. [dkt. #8].

The Michigan Supreme Court's docket indicates that it returned to the petitioner by postal mail an untimely filed motion for reconsideration on January 14, 2016. *See* Record of Proceedings, Docket Entry No. 21, *People v. Hicks*, No. 152469 (Mich. Sup. Ct. Jan. 14, 2016), *at* http://courts.mi.gov/opinions_orders/Pages/CaseInquiry.aspx. When he filed his motion to extend time and for leave to file an amended petition, the petitioner indicated that his motion for

reconsideration was the only matter left pending before the state courts. That motion was rejected without adjudication, and no further proceedings after January 14, 2016 are evident from the docket of the state supreme court. It therefore appears that the state courts' review of the petitioner's claims has come to an end. Furthermore, the petitioner is not required to apply for a writ of certiorari in the United States Supreme Court to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1). *See Wade v. Mayo*, 334 U.S. 672, 680-81 (1948); *White v. Ragen*, 324 U.S. 760, 767 (1945). The Court therefore finds that there is no reason to stay the proceedings in this matter or to delay the adjudication of the petition as filed. However, the petitioner indicated a desire to submit some additional or revised briefing in support of his petition, which the Court will allow.

Accordingly, it is **ORDERED** that the petitioner's motion to extend time and for leave to file an amended petition [dkt. #8] is **GRANTED IN PART**. The petitioner may file a supplemental brief, **on or before August 19, 2016**, for the sole purpose of pointing out to the Court any legal authority or argument in support of the claims raised in the original petition that were not addressed in the previously filed brief in support of that petition. The supplemental brief may address only the claims raised in the original petition and may not raise any new or additional claims. The petitioner's motion is **DENIED** in all other respects.

It is further **ORDERED** that the State shall file an answer to the petition and any supplemental brief in support of the petition, as well as the necessary state court record as required by Rule 5 of the Rules Governing Section 2254 Cases, **on or before October 18, 2016**.

It is further **ORDERED** that if the petitioner wants to file a reply brief in support of his

petition, then he must do so **on or before November 17, 2016**.

                                         s/David M. Lawson
                                         DAVID M. LAWSON
                                         United States District Judge

Dated: June 21, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2016.

                         s/Susan Pinkowski
                         SUSAN PINKOWSKI